U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

MAR - 2 2015

CLERK, U.S. DISTRICT COURT
By _____
           Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GERY LEE SCOTT,                      §
                                     §
                 Petitioner,         §
                                     §
v.                                   §     No. 4:15-CV-143-A
                                     §
WILLIAM STEPHENS, Director,          §
Texas Department of Criminal         §
Justice, Correctional               §
Institutions Division,               §
                                     §
                 Respondent.         §

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Gery Lee Scott, a state prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ), against William Stephens, Director of TDCJ, respondent.  After having considered the pleadings, state court records in a prior petition, and relief sought by petitioner, the court has concluded that the petition should be summarily dismissed as a successive petition.

### I.   Factual and Procedural History

In September 2002 petitioner was convicted, pursuant to a negotiated guilty plea, of injury to a child-bodily injury in the 371st District Court of Tarrant County, Texas, Case No. 0826520D,

and sentenced to 35 years' confinement.   Pet. 2, ECF No. 1.

Petitioner filed a prior federal habeas petition challenging his

35-year sentence, which was dismissed as untimely under the

federal statute of limitations for § 2254 petitions.   *Scott v.*

*Stephens,* Civil Action No. 4:13-CV-384-A.   The court takes

judicial notice of the pleadings and state court records filed in

petitioner's prior federal habeas action.

In this second federal petition, petitioner challenges the

constitutionality of Texas Government Code §§ 508.145

("Eligibility for Release on Parole; Computation of Parole

Eligibility Date") and 508.149 ("Inmates Ineligible for Mandatory

Supervision").   Pet. 6, ECF No. 1.   According to Petitioner,

sections 508.145 and 508.149 deprive him of his liberty interest

in his accrued good- and work-time credits.   Pet'r's Br. 1-2.

No service has issued upon respondent.

II.   Successive Petition

Rule 4 of the Rules Governing Section 2254 Cases in the

United States District Courts and 28 U.S.C. § 2243 both authorize

a habeas corpus petition to be summarily dismissed.[1]   The Court

---

[1]Section 2243, governing applications for writ of habeas corpus,
provides:

A court, justice or judge entertaining an application for a
writ of habeas corpus shall forthwith award the writ or issue an

2

of Appeals for the Fifth Circuit recognizes a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

Title 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive petition filed by a state prisoner under § 2254 that was not presented in a prior petition must be dismissed unless–

> (A)   the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

> (B)(i)   the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

> (ii)   the facts underlying the claim, if proven

---

order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business.  The petition shall be examined promptly by the judge to whom it is assigned.  *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

Rules Governing Section 2254 Cases, Rule 4 (emphasis added).

3

and viewed in light of the evidence as a whole, would
be sufficient to establish by clear and convincing
evidence that, but for constitutional error, no
reasonable factfinder would have found the applicant
guilty of the underlying offense.

28 U.S.C. § 2244(b)(1)-(2).

A successive petition is one that raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ.  *See Crone v. Cockrell*, 324 F.3d 833, 837 (5th Cir. 2003); *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).  Petitioner offers no explanation as to why he could not have raised his constitutional claim in his 2013 petition. *Saahir v. Collins*, 956 F.2d 115, 118-19 (5th Cir. 1992).  At the time he filed his earlier petition, petitioner could have determined the impact of the statutory provisions on his eligibility for early release to mandatory supervision and/or parole.  Therefore, petitioner could have raised his claim in his prior federal petition but did not.  Accordingly, the petition is a successive petition.

Before a petitioner may file a successive § 2254 petition, he must obtain authorization from the appropriate court of appeals.  28 U.S.C. § 2244(b)(3)(A).  Toward that end, this court may either dismiss the claim without prejudice pending review by a three-judge panel of the Fifth Circuit Court of Appeals, or, it

4

may transfer the successive petition to the Fifth Circuit for a determination of whether the petitioner should be allowed to file the successive petition in the district court. 28 U.S.C. § 2244(b)(3)(A). *See also Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *In re Epps,* 127 F.3d 364, 365 (5th Cir.1997) (approving practice of transferring successive motions to the Circuit and establishing procedures in the Circuit to handle such transfers). Because petitioner has presented neither argument nor evidence indicating that he will be able to make a prima facie showing that his application satisfies the statute, dismissal without prejudice would be more efficient and better serve the interests of justice than a transfer to the Fifth Circuit. Accordingly, the petition should be dismissed to allow petitioner to seek authorization to file his petition in the Fifth Circuit. *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000).

For the reasons discussed herein,

It is ORDERED that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as an unauthorized successive petition under 28 U.S.C. § 2244(b)(2). It is further ORDERED that a certificate of

appealability be, and is hereby, denied.

      SIGNED March \_\_\_\_2\_\_\_\_, 2015.

                      _____

                      JOHN McBRYDE

                      UNITED STATES DISTRICT JUDGE